```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
DIPLOMATIC MAN, INC.,                   :
                                        :
            Plaintiff,                  :
                                        :
       -v-                              :
                                        :
CHRIS BROWN, ZOMBA RECORDING, LLC,      :
SEAN GARRETT, HITCO SOUTH, SCOTT        :
STORCH and TVT MUSIC, INC.,             :
                                        :
            Defendants.                 :
---------------------------------------x
ZOMBA RECORDING LLC,                    :
                                        :
            Third-Party Plaintiff,      :
                                        :
       -v-                              :
                                        :
THE ISLAND DEF JAM MUSIC GROUP, a       :
division of UMG RECORDINGS, INC.,       :
                                        :
            Third-Party Defendant.      :       05 Civ. 9069 (JSR)
---------------------------------------x
GARRETT R. HAMLER P/K/A SEAN GARRETT    :       MEMORANDUM ORDER
D/B/A/ TEAM S DOT PUBLISHING, HITCO     :
MUSIC PUBLISHING, L.L.C. D/B/A/ HITCO   :
MUSIC, AND TVT MUSIC, INC.,             :
                                        :
            Counterclaimants,           :
                                        :
       -v-                              :
                                        :
DIPLOMATIC MAN, INC. AND LA RON JAMES   :
P/K/A JUELZ SANTANA,                    :
                                        :
            Counterdefendants.          :
---------------------------------------x
GARRETT R. HAMLER P/K/A SEAN GARRETT    :
D/B/A TEAM S DOT PUBLISHING, HITCO      :
MUSIC PUBLISHING, L.L.C. D/B/A HITCO    :
MUSIC, AND TVT MUSIC, INC.,             :
                                        :
            Crossclaimants,             :
                                        :
       -v-                              :
                                        :
ZOMBA RECORDING, LLC,                   :
                                        :
            Crossdefendant.             :
---------------------------------------x
```

```
------------------------------------x
SCOTT STORCH D/B/A/ SCOTT STORCH    :
MUSIC,                              :
                                    :
            Counterclaimant,        :
                                    :
            -v-                     :
                                    :
DIPLOMATIC MAN, INC. AND LA RON     :
JAMES P/K/A JUELZ SANTANA,          :
                                    :
            Counterdefendants.      :
------------------------------------x
SCOTT STORCH D/B/A SCOTT STORCH     :
MUSIC,                              :
                                    :
            Crossclaimant,          :
                                    :
            -v-                     :
                                    :
ZOMBA RECORDING, LLC,               :
                                    :
            Crossdefendant.         :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

By motion dated July 31, 2006, third-party defendant the Island Def Jam Music Group ("IDJ") seeks attorneys fees and costs from plaintiff Diplomatic Man, Inc.[1]  By Order dated August 14, 2006, the Court stayed the motion pending final resolution of the underlying case (including any appeals), which has now occurred. Accordingly, the motion is ripe for decision.

As more fully described in the Court's prior decision in this matter, see Diplomatic Man v. Brown, 2006 WL 2434933 (S.D.N.Y. Aug.

---

[1] Although Diplomatic Man contends the motion was untimely, in fact it was not.  IDJ filed the instant motion within fourteen days of the entry of final judgment on the claims againts IDJ on July 17, 2007.  See Fed. R. Civ. P. 54(d)(2)(B).

2

22, 2006), this case concerns various disputes among the numerous parties that had some role in creating the hip-hop song Run It!. Run It! was performed principally by defendant Chris Brown, who is under contract with defendant Zomba Recording LLC ("Zomba"). Counter-defendant LaRon James, p/k/a Juelz Santana ("Santana"), performed a so-called "side artist" rap on Run It!, which means he rapped briefly at the beginning and middle of the song. In July 2005, Zomba released the version of Run It! that featured Santana's rap, and it quickly became a number-one hit.

In October 2005, plaintiff Diplomatic Man, Inc., filed the instant action against, inter alia, Brown and Zomba, alleging a claim of copyright infringement based on its contractual relationship with counter-defendant Santana. Zomba then brought a third-party complaint against IDJ, alleging claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and the right of indemnification, on the ground that IDJ, having contracted with Diplomatic Man regarding Santana's works, had authorized Santana's performance on Run It!. On May 30, 2006, Zomba (on behalf of itself and Brown) and IDJ moved for summary judgment against Diplomatic Man.[2] The Court granted Zomba and IDJ's summary judgment motion by Order dated July 13, 2006 and explained the reasons therefore in a Memorandum Order dated August 21, 2006.

Under Title 17 of the United States Code (the "Copyright Act"),

---

[2] Diplomatic Man did not challenge IDJ's standing to bring the summary judgment motion.

3

> the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by [the Copyright Act], the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C.A. § 505. Although "[t]here is no precise rule or formula for making these determinations," Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994), "objective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted." Matthew Bender & Co., Inc. v. West Pub. Co., 240 F.3d 116, 122 (2d Cir. 2001).

If read very generously, Diplomatic Man's claim of copyright ownership might have amounted to an assertion of co-ownership with each of the various defendants. See Diplomatic Man v. Brown, 2006 WL 2434933, at *2. However, "[i]t is elementary that the lawful owner of a copyright is incapable of infringing a copyright interest that is owned by him." United States Naval Inst. v. Charter Communications, Inc., 936 F.2d 692, 695 (2d Cir. 1991); see also Thomson v. Larson, 147 F.3d 195, 199 (2d Cir. 1998)("Joint authorship entitles the co-authors to equal undivided interests in the whole work -- in other words, each joint author has the right to use or to license the work as he or she wishes, subject only to the obligation to account to the other joint owner for any profits that are made."). Since Diplomatic Man was, at best, a co-owner of the copyright in question, Diplomatic Man's claim of infringement against other co-owners was objectively unreasonable, meriting a costs and fees award in this case.

Diplomatic Man has not convinced the Court that IDJ should be disqualified from a fee award by virtue of the fact that IDJ constituted a third-party defendant against whom Diplomatic Man did not bring a direct claim.  The contention that a third-party defendant should not fall within the definition of "parties" defies basic concepts of civil procedure.  17 U.S.C. § 505; cf. Evident Corp. v. Church & Dwight Co., 2003 U.S. Dist. LEXIS 26296, *18 (D.N.J. Jun. 30, 2003), aff'd, 399 F.3d 1310 (Fed. Cir. 2005) (issuing a fee award against a third-party defendant under the Patent Act).  Further, in light of Diplomatic Man's own contract with IDJ, which concerned the rights to Santana's performances, Diplomatic Man had every reason to expect that the instant lawsuit would implicate IDJ, requiring IDJ to incur substantial expenses.  Accordingly, principles of law and concepts fairness both militate in favor of awarding fees to this third-party defendant.

Finally, the costs and fees incurred by IDJ are reasonable. IDJ requests $136,246.28, consisting of $125,335.25 in attorneys' fees and $10,911.03 in costs.  The bulk of the fees represent time spent by Vincent Carissimi and Elizabeth Campbell.  Carissimi, a partner and chair of the intellectual property practice at Pepper Hamilton LLP, has 23 years experience and charges an hourly rate of $440.  Campbell is an eighth-year associate whose time is billed at $315 an hour.  These rates are within the range of those that have been previously deemed reasonable for experienced intellectual property lawyers litigating in this district.  See Yurman Designs, Inc. v. PAJ, Inc., 125 F.Supp.2d 54, 58 (S.D.N.Y. 2000); Stevens v.

Aeonian Press, Inc., 2002 WL 31387224, *5 (S.D.N.Y. Oct. 23, 2002); Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp., 2005 WL 2063819, *4 (S.D.N.Y. Aug. 24, 2005). Upon review of counsel's contemporaneous billing records, the Court finds reasonable both the time spent on each task and the allocation of tasks between claims attributable to Diplomatic Man and other claims.

The Court has considered Diplomatic Man's other arguments and finds them without merit. Accordingly, Diplomatic Man, Inc. is hereby ordered to pay the Island Def Jam Music Group the sum of $136,246.28.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       September 27, 2007